IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Mr. Vonnie D. Darby, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING PETITIONER'S** |
| | ) | **MOTION FOR APPOINTMENT OF** |
| vs. | ) | **COUNSEL AND REQUEST FOR AN** |
| | ) | **EVIDENTIARY HEARING** |
| State of North Dakota, | ) | |
| | ) | Case No. 1:11-cv-071 |
| Respondent. | ) | |

Before the court are motions for appointment of counsel and for an evidentiary hearing filed by the petitioner, Vonnie D. Darby (Darby). The bases for Darby's motions are that the issues raised in his petition are complex and that he cannot afford counsel.

There is neither a constitutional nor statutory right to counsel in habeas proceedings. See Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000); Blair v. Armontrout, 916 F.2d 1310, 1332 (8th Cir. 1990); see also Boyd v. Groose, 4 F.3d 669, 881 (8th Cir. 1993) (explaining that a habeas corpus proceeding is a civil proceeding to which the Sixth Amendment right to counsel afforded for criminal proceedings does not apply). The court may nevertheless appoint counsel for a habeas petitioner at any time if it finds that the "interests of justice so require." See 18 U.S.C. § 3006(a)(2). If a court conducts an evidentiary hearing on the petition, the interests of require that the petitioner be appointed counsel. See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts; see also Addullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). "If no evidentiary hearing is necessary, the appointment of counsel is discretionary." Id.

1

"When exercising its discretion, the court should determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that 'the interests of justice so require' it." Id. (Citing 18 U.S.C. § 3006(A)(a)(2) and Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). Thus, a court should consider a number of relevant factors, including the factual complexity of the case and the petitioner's ability to investigate and present his claim. See id.; see also Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The interests of justice do not require the appointment of counsel for Darby at this stage of the proceedings. First, given the posture of this case, the court finds it premature to conduct an evidentiary at this time. Second, although Darby raises a myriad of claims in his petition for habeas corpus relief, neither the claims nor the facts giving rise to them appear to be too complex.

Finally, the Supreme Court has recently held in Cullen v. Pinholster, __ U.S. ___, 131 S. Ct. 1388, 1399 (2011), that an evidentiary hearing is not appropriate under 28 U.S.C. § 2254(d)(1) when the state court has resolved the federal claim on the merits. At ths point an evidentiary hearing would be premature. Darby can renew his request later if one is warranted.

Darby's motion for appointment counsel (Docket No. 3) and motion for an evidentiary hearing (Docket No. 4) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2011.

                                            */s/ Charles S. Miller, Jr.*
                                            Charles S. Miller, Jr., Magistrate Judge
                                            United States District Court